TUTER, JACK B., JR., Associate Judge.
The defendant was charged by a second amended information with aggravated stalking of the victim or his family. After a non-jury trial, the trial court found the defendant guilty of attempted simple stalking — a second degree misdemeanor. The defendant appeals his conviction and the suspension period of his concealed weapons license as a condition of probation. We affirm his conviction without discussion, but reverse as to the order imposing a five-year suspension of his concealed weapons license.
The trial court placed the defendant on six months probation and ordered that he not possess, carry or own any weapons. The court also revoked his concealed weapons license for five years. The trial court’s sentencing order stated, “If Judge has authority to revokefj deft must surrender concealed lie to clerk w/in 5 days. Deft may reapply after 5 years after having concealed lie revoked.”
After the defendant filed his Notice of Appeal, he filed a Motion to Correct Sentencing Error, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In that motion, he challenged the provision of his sentence limiting his ability to carry a concealed weapon. Because the trial court failed to rule on the motion within sixty days, it is considered denied, pursuant to the rule. See Fla. R. Crim. P. 3.800(b)(1)(B).
Section 790.06(3), Florida Statutes (2008), concerning concealed weapons licenses, provides:
(3) The Department of Agriculture and Consumer Services shall deny a license if the applicant has been found guilty of, had adjudication of guilt withheld for, or had imposition of sentence suspended for one or more crimes of violence constituting a misdemeanor, unless 3 years have elapsed since probation or any other conditions set by the court have been fulfilled or the record has been sealed or expunged. The Department of Agriculture and Consumer Services shall revoke a license if the licensee has been found guilty of, had adjudication of guilt withheld for, or had imposition of sentence suspended for one or more crimes of violence within the preceding 3 years. The department shall, upon notification by a law enforcement agency, a court, or the Florida Department of Law Enforcement and subsequent written verification, suspend a license or the processing of an application for a license if the licensee or applicant is arrested or formally charged with a crime that would disqualify such person from having a license under this section, until final disposition of the case. The department shall suspend a license or the processing of an application for a license if the licensee or applicant is issued an injunction that restrains the licensee or applicant from committing acts of domestic violence or acts of repeat violence.
While we find no error in the conviction of the second degree misdemeanor of attempted simple stalking, the trial court exceeded the time provided by statute for revocation of the defendant’s concealed weapons license. Section 790.06(3) limits the time frame for either revocation or suspension of a concealed weapons license to three years. We find the trial court’s five-year revocation of the defendant’s concealed weapons license exceeds the time permitted by the statute. We therefore reverse the condition of a five-year revocation of the concealed weapons license, and remand the case to the trial court to reduce the time frame for revocation of the defendant’s concealed weapons license to three years.

*1034
Affirmed in Part; Reversed in Part and Remanded.

MAY, C.J., and CONNER, J., concur.